1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                                    )
MEECO MANUFACTURING CO., INC.,          )
a Washington corporation,                              )          No. C06-1582RSL
                                                                    )
                              Plaintiff,                          )
                                                                    )          ORDER GRANTING DEFENDANT'S
              v.                                                   )          MOTION TO DISMISS PLAINTIFF'S
                                                                    )          FIFTH AND SIXTH CLAIMS FOR
TRUE VALUE COMPANY, a Delaware,        )          RELIEF
corporation,                                                    )
                                                                    )
                              Defendant.                       )
_____)

## I.  INTRODUCTION

This matter comes before the Court on "Defendant's Motion to Dismiss Plaintiff's Fifth

and Sixth Claims for Relief" (Dkt. #4).[1]  Defendant asserts that plaintiff's fifth claim for unfair

competition and plaintiff's sixth claim for unjust enrichment should be dismissed under Fed. R.

Civ. P. 12(b)(6) because they are preempted by the Copyright Act.  In response, plaintiff

contends that preemption is premature based on Fed. R. Civ. P. 8 and 12(b)(6) and given the

"factual complex" of this case.  For the reasons set forth below, the Court grants defendant's

_____

[1]  The Court notes at the outset that in future filings with the Court, defendant's counsel is
strongly urged to comply with Local Civil Rule 10(e)'s formatting requirements.  See Appendix A to the
Local Civil Rules.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S
FIFTH AND SIXTH CLAIMS FOR RELIEF

1  motion to dismiss.[2]

2  ## II.  DISCUSSION

3  **A.    Background**

4      Plaintiff manufactures and distributes fireplace and stove products bearing MEECO's

5  Red Devil trademark and logo.  See Dkt. #1 (Complaint) at 2.  Plaintiff alleges that defendant is

6  not authorized or licensed to sell MEECO-branded products, but defendant uses and displays

7  images of MEECO-branded products in its electronic catalog.  Id. at 1.  Plaintiff asserts,

8  however, that when a True Value store owner or other user of defendant's electronic catalog

9  orders a MEECO-branded product, defendant substitutes a competing product from Imperial

10  Manufacturing Group ("Imperial).  Id.  Plaintiff contends that defendant's substitution of

11  MEECO products has continued despite receipt of a "cease and desist letter" and the fact that

12  MEECO prevailed in a trademark infringement lawsuit against Imperial.  Id. at 2.

13  **B.    Discussion**

14      In resolving a Fed. R. Civ. P. 12(b)(6) motion, "a court may [typically] look only at the

15  face of the complaint to decide a motion to dismiss."  Van Buskirk v. Cable News Network, Inc.,

16  284 F.3d 977, 980 (9th Cir. 2002).  The Court must also construe the complaint in the light most

17  favorable to the plaintiff and accept all well-pleaded factual allegations as true, as well as any

18  reasonable inferences drawn from them.  See Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir.

19  2003).  The Court is not, however, required to accept as true conclusory allegations, legal

20  conclusions, unwarranted deductions of fact or unreasonable inferences.  See Sprewell v. Golden

21  State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

22      Defendant moves for dismissal of plaintiff's state law claims for:  (1) common-law unfair

23  

24      [2]  Because this matter can be decided on the parties' memoranda and the complaint, the
   defendant's request for oral argument is denied.

25  

26  ORDER GRANTING DEFENDANT'S
   MOTION TO DISMISS PLAINTIFF'S
   FIFTH AND SIXTH CLAIMS FOR RELIEF        -2-

competition and statutory unfair and deceptive acts and practices under RCW 19.86.020 et seq.;
and (2) unjust enrichment, based on § 301(a) of the Copyright Act, which states:

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 and, whether created before or after that date and whether published or unpublished, are governed exclusively by this title.  Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

Under this section, "[c]opyright preemption is both explicit and broad[.]" G.S.
Rassmussen & Assoc., Inc. v. Kalitta Flying Serv., Inc., 958 F.2d 896, 904 (9th Cir. 1992).  The
Ninth Circuit utilizes a two-part test to determine whether a state law is preempted.  A claim is
preempted if:  (1) the work at issue comes within the subject matter of copyright as described in
17 U.S.C. §§ 102 and 103; and (2) the rights granted under the state law are equivalent to the
rights contained in 17 U.S.C. § 106, "which articulates the exclusive rights of copyright
holders."  See Laws v. Sony Music Entm't, Inc., 448 F.3d 1134, 1137-38 (9th Cir. 2006).

### 1. Subject Matter of Copyright

Plaintiff's state law claims meet the first element of the preemption test because the work
at issue, MEECO's labels and logo, comes within the subject matter of copyright.  Plaintiff's
state law claims are founded on the allegation that "True Value continues to use and display
images of MEECO-branded products in True Value's electronic catalog."  Dkt. #1 at ¶1.
MEECO-branded products are packaged with MEECO labels, which include the MEECO Red
Devil logo.  Id. at ¶8.  MEECO's label and logo are within the subject matter of copyright
because MEECO has copyright registrations for its product labels, which include the MEECO
logo, and the Ninth Circuit has held that labels are within the subject matter of copyright.  Id.;
Drop Dead Co., Inc. v. S. C. Johnson & Son, Inc., 326 F.2d 87, 93 (9th Cir. 1963) ("We hold
with the trial court the plaintiff's copyright of its PLEDGE label was and is valid.  We agree

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S
FIFTH AND SIXTH CLAIMS FOR RELIEF          -3-

with the . . . proposition that labels which go beyond a mere trademark are copyrightable")
(internal citation omitted).

In response, plaintiff argues that its unfair competition and unjust enrichment claims are based on alleged factual conduct that is not covered by subject matter of copyright law. <u>See</u> Response at 2. This assertion, however, is contrary to the allegations of the state law claims that <u>expressly</u> include the copyright claim allegations. Paragraphs 23 through 28 of plaintiff's complaint contain the copyright cause of action. <u>See</u> Dkt. #1. Plaintiff's claims for unfair competition and unjust enrichment both incorporate these paragraphs by reference. <u>See</u> Dkt. #1 (¶32 "MEECO repeats and re-alleges paragraphs 1 through 31 of this Complaint as if fully set forth herein"; ¶36 "MEECO repeats and re-alleges paragraphs 1 through 35 of this Complaint as if fully set forth herein"). Plaintiff cannot both expressly rely on the copyright allegations in its state law claims <u>and</u> assert that the state law claims are outside copyright's subject matter for purposes of avoiding preemption. <u>See</u> <u>Blue Nile, Inc. v. Ice.com, Inc.</u>, — F. Supp. 2d —, 2007 WL 172613, at *4 (W.D. Wash. Jan. 18, 2007).

Plaintiff argues against this conclusion in section II of its response. First, plaintiff contends that its unfair competition and unjust enrichment claims should not be preempted because they were pleaded as an alternative to the copyright infringement claim. <u>See</u> Response at 2 ("Under Fed. R. Civ. P. 8, alternative pleading is possible."), 3 ("Pursuant to Rule 8(e)(2), these factual allegations alternatively support claims for . . . state unfair competition and statutory unfair and deceptive actions (claim five); and unjust enrichment (claim six)."). Second, plaintiff asserts that preemption is not appropriate under Rule 12(b)(6). These arguments, however, are not persuasive.

First, while plaintiff may be correct that "pleading state law causes of action that incorporate pleading allegations associated with a party's copyright claim" is "common,", plaintiff here included more than just the allegations "associated" with its copyright claim.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S
FIFTH AND SIXTH CLAIMS FOR RELIEF          -4-

1    Plaintiff expressly incorporated the copyright claim itself into the state law claims.  <u>See</u>

2    Response at 5 n.1; Dkt. #1 at ¶ ¶32, 36.  Plaintiff could have, in paragraphs 32 and 36 of its

3    complaint, incorporated only the allegations relating to the unfair competition and unjust

4    enrichment claims.  But plaintiff did not.  Instead, paragraph 32 of the unfair competition claim

5    and paragraph 36 of the unjust enrichment claim incorporate paragraphs 23 - 28, the paragraphs

6    containing the copyright infringement claim.  Plaintiff cannot reasonably assert that it was

7    pleading "in the alternative" when its unfair competition and unjust enrichment claims

8    incorporate the copyright claim.  As drafted, therefore, plaintiff's copyright claim is part of the

9    foundation of plaintiff's unfair competition and unjust enrichment claims.  Furthermore, other

10   courts have rejected the argument proffered by plaintiff that state law claims cannot be

11   preempted because they were pleaded in the alternative.  <u>See</u> <u>Moser Pilon Nelson Architects,</u>

12   <u>LLC v. HNTB Corp.</u>, 2006 U.S. Dist. Lexis 58344, 2006 WL 2331013, at *11 (D. Conn. Aug. 8,

13   2006) ("Plaintiffs further argue that, even if their unjust enrichment claim would be preempted

14   by a valid copyright claim, they are entitled to plead it 'in the alternative[.]' . . .  But Plaintiffs'

15   argument proves too much:  on Plaintiffs' theory of pleading in the alternative, no court could

16   ever decide a motion to dismiss a claim on the basis of preemption until the merits of copyright

17   claim had first been decided.  Yet courts routinely grant motions to dismiss state law claims on

18   the basis of preemption by the Copyright Act.").

19        Second, the Court rejects plaintiff's argument that preemption is not proper under Rule

20   12(b)(6) because the "leading Ninth Circuit cases involving copyright preemption are based on a

21   Rule 56 analysis and not on a Rule 12(b)(6) standard of review."  <u>See</u> Response at 6.  While it is

22   true that the Ninth Circuit's opinions in <u>Kodadek v. MTV Networks, Inc.</u>, 152 F.3d 1209 (9th

23   Cir. 1998) and <u>Del Madera Props. v. Rhodes and Gardner, Inc.</u>, 820 F.2d 973 (9th Cir. 1987)

24   both affirmed the trial court's preemption of state law claims on summary judgment, the Ninth

25   Circuit has <u>not held</u> that dismissing a state law claim as preempted on a motion to dismiss is per

26   ORDER GRANTING DEFENDANT'S
     MOTION TO DISMISS PLAINTIFF'S
     FIFTH AND SIXTH CLAIMS FOR RELIEF          -5-

1
2
3
4
5
6
7
8

se improper.  To the contrary, in <u>Grosso v. Miramax Film Corp.</u>, 383 F.3d 965, 968 (9th Cir. 2004), the Ninth Circuit applied the <u>Del Madera</u> two-part preemption test to a breach of implied contract claim dismissed on a Rule 12(b)(6) motion by the district court.  Although the Ninth Circuit reversed dismissal of the breach of implied contract claim, the Ninth Circuit did not hold that trial court's preemption inquiry was improper on a motion to dismiss.  Furthermore, trial courts in this circuit have repeatedly dismissed claims as preempted on motions to dismiss.  <u>See, e.g.</u>, <u>Salim v. Lee</u>, 2002 F. Supp. 2d 1122, 1128 (C.D. Cal. 2002) (dismissing state law claims on Rule 12(b)(6) motion).

9
10
11
12
13
14
15

As alleged in its complaint, plaintiff's state law claims expressly rest on the same allegations as its copyright claim.  Plaintiff has failed to justify how the state law claims at issue are exempt from the reach of § 301 because at bottom, both claims depend on the allegation that defendant displayed images of MEECO-labeled products.  Accordingly, the Court concludes that the first element of the preemption is satisfied in this case.  Having made this determination, the Court must next determine whether the rights granted under the state laws forming the basis of plaintiff's claims are equivalent to the rights contained in 17 U.S.C. § 106.

16

**2.  Equivalent Rights**

17
18

Under the second, or "equivalent rights" part the Ninth Circuit's two-part test, the state law claim must contain an "extra element" in order to survive preemption:

19
20
21
22
23

> To satisfy the "equivalent rights" part of the preemption test . . . the . . . alleged misappropriation . . . must be equivalent to rights within the general scope of copyright as specified by section 106 of the Copyright Act.  Section 106 provides a copyright owner with the exclusive rights of reproduction, preparation of derivative works, distribution, and display.  17 U.S.C. § 106.  To survive preemption, the state cause of action must protect rights which are qualitatively different from the copyright rights.  The state claim must have an "extra element" which changes the nature of the action.

24

<u>Del Madera Props.</u>, 820 F.2d at 977 (internal citation omitted) (overruled on other grounds).

25

The two state law claims subject to preemption are analyzed individually under this framework

26

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S
FIFTH AND SIXTH CLAIMS FOR RELIEF          -6-

below.

### a. Unfair Competition Claim

Defendant argues that plaintiff's fifth cause of action for unfair competition should be preempted because it does not add "an extra element that 'transforms the nature of the action' to anything other than a Copyright Act claim." <u>See</u> Motion at 5.[3]  Plaintiff's unfair competition claim contains no distinct factual allegations.  <u>See</u> Dkt. #1 at ¶¶33-35.  It simply alleges that the elements of an unfair competition claim have been satisfied in this case, and "repeats and re-alleges paragraphs 1 through 31 of this Complaint" as constituting the "conduct" that constitutes unfair competition.  <u>Id.</u> at 33.  The allegations and claims expressly incorporated by reference into the unfair competition claim include paragraphs 23 through 28, which set forth plaintiff's copyright claim.

In <u>Kodadek</u>, plaintiff filed a complaint alleging causes of action for copyright infringement and unfair competition.  Plaintiff's unfair competition claim was dismissed on summary judgment as preempted by the Copyright Act.  The unfair competition claim "incorporate[d] by reference paragraphs from the copyright infringement claim." <u>Kodadek</u>, 152 F.3d at 1212.  For this reason, the Ninth Circuit affirmed dismissal of the unfair competition claim because it explicitly relied on the same allegations as the copyright claim, and held:

> <u>Kodadek's complaint expressly bases his unfair competition claim on rights granted by the Copyright Act.</u>  The Copyright Act grants rights "to reproduce the copyrighted work in copies," "to prepare derivative works based upon the

---

[3]  Defendant contends that plaintiff's allegation that "True Value supplies other retailers Imperial products instead of the MEECO-branded products ordered" does not suffice as the "extra element" because there is no factual support for this allegation in the complaint.  As currently pleaded, the Court agrees.  On review of a Rule 12(b)(6) motion, the Court is not required to accept as true conclusory allegations.  <u>See</u> <u>Sprewell</u>, 266 F.3d at 988.  As defendant maintains, paragraph 14 of the complaint "does not support the conclusion that True Value supplied Homeandbeyond.com with the alleged infringing Imperial products.  Assuming the representative's statement is true, it establishes that Homeandbeyond.com purchased *MEECO* products from True Value–not *Imperial* products." <u>See</u> Reply at 5-6.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S
FIFTH AND SIXTH CLAIMS FOR RELIEF          -7-

copyrighted work," "to distribute copies to . . . to the public," and "to display the copyrighted work publically." 17 U.S.C. § 106, <u>Del Madera Properties v. Rhodes & Gardner, Inc.</u>, 820 F.2d 973, 977 (9th Cir. 1987) (overruled on other grounds). <u>Thus, it is clear that Kodadek's state law unfair competition claim is based solely on rights equivalent to those protected by the federal copyright laws.</u>

<u>Id.</u> at 1213 (emphasis added).  It is the same here.  Based on <u>Kodadek</u>'s holding, plaintiff's unfair competition claim is preempted because it incorporates the copyright claim by reference and is therefore based on rights equivalent to those protected by copyright.

Furthermore, plaintiff's fifth cause of action for unfair competition seeks an injunction barring defendant from "displaying MEECO-branded products."  Dkt. #1 at ¶34.  Plaintiff's copyright claim similarly seeks injunctive relief because defendant "displayed the MEECO-branded product images," which "constitute[s] copyright infringement under the Copyright Act." <u>Id.</u> at ¶¶25-28.  Where, as here, an unfair competition claim is based upon the premise that defendant misappropriated plaintiff's copyrighted material it is considered to be "part and parcel of the copyright claim" and preemption is appropriate.  <u>Del Madera Props.</u>, 820 F.2d at 977.

The gravamen of this action is plaintiff's claim that "True Value continues to use and display images of MEECO-brand products in True Value's electronic catalog."  <u>See</u> Dkt. #1 at ¶1.  Under § 106(1) of the Copyright Act, a copyright owner has the exclusive right "to reproduce the copyrighted work."  Therefore, while the elements of plaintiff's unfair competition claim may not be identical to the copyright claims, "the underlying nature of [MEECO's] state law claims is part and parcel of a copyright claim" for preemption purposes. <u>See</u> <u>Laws</u>, 448 F.3d at 1144.  Accordingly, plaintiff's fifth claim for unfair competition is preempted and dismissed without prejudice.  <u>See</u> <u>Blue Nile, Inc. v. Ice.com, Inc.</u>, — F. Supp. 2d —, 2007 WL 172613, at *7 (dismissing unfair competition claim).[4]

---

[4]   Plaintiff attempts to distinguish the Court's recently published <u>Blue Nile</u> opinion by arguing while "[t]hat case [<u>Blue Nile</u>] appears to take task with the practice of pleading state law causes of action that incorporate pleading allegations associated with a party's copyright claim[,] [t]hat common pleading

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S
FIFTH AND SIXTH CLAIMS FOR RELIEF        -8-

**b. Unjust Enrichment Claim**

Plaintiff's sixth cause of action for unjust enrichment is also preempted for the reasons set forth above in section II.B.2(a) justifying dismissal of the unfair competition claim. Paragraph 36 of the unjust enrichment claim incorporates by reference all of the complaint's prior allegations and claims, including the allegations supporting the claim for copyright infringement in paragraphs 23 through 28. Based on <u>Kodadek</u>'s holding, plaintiff's unjust enrichment claim is dismissed as preempted because by incorporating the copyright claims by reference, the sixth cause of action is based on rights equivalent to those protected by copyright. Plaintiff's unjust enrichment claim states: "True Value unjustly enriched itself by benefitting from MEECO's intellectual property rights without paying a license for those rights" <u>See</u> Dkt. #1, ¶37. The intellectual property rights at issue in this case include MEECO's copyrights. Accordingly, the underlying nature of plaintiff's unjust enrichment claim "is part and parcel of a copyright claim." <u>Laws</u>, 448 F.3d at 1144.

Finally, the Court finds the reasoning of this Circuit's decisions preempting unjust enrichment claims controlling and persuasive. <u>See</u> <u>Del Madera</u>, 820 F.2d at 977 (preempting unjust enrichment claim); <u>Zito v. Steeplechase Films, Inc.</u>, 267 F. Supp. 2d 1022, 1027 (N.D. Cal. 2003) (dismissing claim on a 12(b)(6) motion because "[w]hile a claim for unjust

---

practice is not dispositive of copyright preemption issues here because MEECO's pleading incorporates factual allegations that variously and alternatively support all alleged federal and state claims." <u>See</u> Response at 5, n.2. Plaintiff's assertion, however, understates the extent of the incorporation of its copyright claim. Not only do plaintiff's unfair competition and unjust enrichment claims incorporate the exact same factual allegations supporting the copyright claim, but the state law claims also expressly incorporate all the allegations from the copyright claim itself. <u>See</u> Dkt. #1 at ¶¶32, 36. In <u>Blue Nile</u>, this Court, based on the Ninth Circuit's holding in <u>Kodadek v. MTV Networks, Inc.</u>, 152 F.3d 1209 (9th Cir. 1998), concluded that when a plaintiff expressly incorporates by reference an entire copyright claim into a state law claim, the state law claim is based on rights equivalent to those protected by copyright. <u>See</u> <u>Blue Nile</u>, 2007 WL 172613 at *6-7. Accordingly, plaintiff's attempt to distinguish application of the reasoning from <u>Blue Nile</u> fails.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S
FIFTH AND SIXTH CLAIMS FOR RELIEF          -9-

enrichment may require proof that a benefit was conferred on the defendant, where the unjust enrichment arises from defendants' unauthorized use of a copyrighted work, such an extra element does not qualitatively change the rights at issue, the rights the plaintiff holds in the copyrighted work, and does not avoid preemption."). For these reasons, plaintiff's claim for unjust enrichment is dismissed without prejudice. See Blue Nile, Inc., 2007 WL 172613, at *8 (dismissing unjust enrichment claim).

### III.  CONCLUSION

For all of the foregoing reasons, "Defendant's Motion to Dismiss Plaintiff's Fifth and Sixth Claims for Relief" (Dkt. #4)" is GRANTED.  Plaintiff's fifth and sixth claims for relief are DISMISSED without prejudice.

DATED this 3rd day of April, 2007.

Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S
FIFTH AND SIXTH CLAIMS FOR RELIEF          -10-